BISHOP & BABCOCK COMPANY v. THOMAS S. KEFFER.

Submitted December 5, 1902—Decided February 24, 1903.

1. The pleadings in replevin, in a suit under the thirty-third section of the statute, are the same as in other cases in replevin.
2. If the plaintiff would have the right to amend his declaration after plea, in a suit in replevin where the plaintiff had given the bond required by the thirty-eighth section of the Replevin act, or where the defendant had made claim of property and given the bond required under the ninth section of the act, he would have the same right in a proceeding under section thirty-three of the act.
3. In all these actions the value of the property, under proper pleadings, as well as damages for its detention, may be recovered by the plaintiff or defendant, as the case may be, who is entitled to the same.
4. The fact that goods and chattels mentioned in the writ of replevin have been destroyed by fire since the writ issued, is immaterial upon the question of pleading.

In replevin. On case certified from the Atlantic County Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff, *William M. Clevenger*.

For the defendant, *Samuel E. Perry*.

The opinion of the court was delivered by

FORT, J. The advisory opinion of this court is asked upon the following question:

"The plaintiff having instituted its replevin suit without bond and without demanding immediate possession of the goods under its writ by virtue of the provisions of section 33 of the Replevin act (*Gen. Stat., p.* 2776), should the court amend the pleadings under the Practice act, when it has been made known to the court that the goods sought to be replevined have been destroyed?"

The declaration filed in the cause is laid in the *detinuit* and not in the *detinet*. After the institution of the suit and the filing of the declaration, but before plea filed, the goods and chattels mentioned in the declaration were destroyed by fire. The plaintiff now applies to amend his declaration so that he may recover a judgment in the action, if he be entitled so to do, for the value of the goods.

By the thirty-third section of the supplement to "An act to regulate the action of replevin," approved June 13th, 1890, it is provided "that in any action of replevin, if the plaintiff does not require the immediate delivery to him of the property in question, the official to whom the process shall issue shall, if so directed by the plaintiff or his attorney, serve the process and other papers given him as in other cases without taking possession of or delivering the property in question, and upon the process being returned into court the cause shall be put at issue and brought on for trial, or judgment by default may be entered, as in other cases, and, upon judgment being entered awarding the possession of the property in question to the plaintiff, an order may be made by the court as a part of the judgment directing the proper officer to take possession of and deliver the property in question in accordance with such judgment, and it shall thereupon be the duty of the officer so directed to execute such order and deliver the property to the party to whom it has been so awarded." *Gen. Stat., p.* 2776.

The question certified relates simply to a matter of practice.

At the common law in replevin, when the sheriff executed the writ, if the defendant made claim of property in the goods sought to be replevined, that question was required to be first tried and decided before the sheriff could proceed to execute the writ by delivering the property to the plaintiff in replevin. *Frazier* v. *Fredericks, 4 Zab.* 162.

By our statute, in order to avoid the necessity of trial before delivery, the plaintiff enters into bond in double the value of the property intended to be replevied, that delivery may be made, the defendant in replevin being protected by the bond. *Gen. Stat., p.* 2777, § 38.

If the defendant does not re-replevy by giving bond within twenty-four hours, as provided by statute, the property is delivered to the plaintiff and the suit proceeds to try the right of property as it would have done at common law before the sheriff delivered the property under the writ. Where, under the thirty-third section of our Replevin act, suit is instituted, the case proceeds as it would have done at common law after the issuance of the writ and before the delivery of the property. By the statute the plaintiff simply waives the sheriff's taking into his possession the property replevied and the delivery of it to the plaintiff, and consents that pending the suit that the sheriff may leave the property in the possession of the defendant. The effect of this statute is simply a waiver of any claim against the sheriff for failure to obey the command of his writ.

The pleadings are the same as in other cases in replevin in a suit under the thirty-third section of the statute. The same issues may be raised as in any of the other conditions arising where the possession of the property is delivered or re-delivered under the writ to the plaintiff or defendant under the various bonding processes provided by the statute. If the plaintiff would have the right to amend his declaration after pleas, in a suit in replevin where the plaintiff had given the bond required by the thirty-eighth section of the Replevin act, or where the defendant had made claim of property and given the bond required under the ninth section of the act, he would have the same right in a proceeding under section 33 of the act. In all these actions the value of the property, under proper pleadings, as well as damages for its detention, may be recovered by the plaintiff or defendant, as the case may be, who is entitled to the same. *Shinn Repl.,* §§ 43, 381, 623, 661.

The language of Chief Justice Green in *Frazer* v. *Fredericks, supra,* that "there is nothing in the statute to give countenance to the idea that the legislature designed to turn the plaintiff round to a new action by depriving him of his common law remedy" is very apt upon the question before us. *Fletcher* v. *Wilkins,* 6 *East* 283.

Always, at common law, if the declaration was in the *detinet* the plaintiff recovered the value of the goods, damages for the taking and costs, but never the goods themselves. *Harwood* v. *Smethurst, 5 Dutcher* 195, 203.

The statute under review expressly provides that "the cause shall be put at issue * * * as in other cases."

The fact that the goods and chattels mentioned in the writ of replevin have been destroyed by fire since the writ issued, is immaterial upon the question of pleading. The chattels existed when the writ issued.

There seems to be no reason for refusing leave to amend the plaintiff's declaration and it should be granted upon proper terms. The Circuit Court is so advised.